**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                      No. 02-4548

HUEY SPEIGHTS, a/k/a Hooie,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-01-388)

Submitted: February 26, 2003

Decided: March 13, 2003

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

J. Michael McGuinness, THE MCGUINNESS LAW FIRM, Eliza-bethtown, North Carolina, for Appellant. Miller Williams Shealy, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Huey Speights, Jr. appeals from his conviction and 92 month sentence imposed following a guilty plea to possession with the intent to distribute and distribution of less than 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1) (2000).

Speights' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he raises four issues: whether the plea hearing conducted pursuant to Fed. R. Crim. P. 11 was adequate, whether the sentencing guidelines were properly applied, whether there was proper jurisdiction, and whether Speights received ineffective assistance of counsel. Speights was informed of his right to file a pro se supplemental brief, but has not done so.

This Court generally reviews the adequacy of a guilty plea de novo, but in the Rule 11 context, violations are evaluated for harmless error. *United States v. Damon*, 191 F.3d 561, 564 n.2 (4th Cir. 1999) (citing *United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995)). Our independent review of the record reveals that Speights was not accurately advised as to the maximum sentence to which he could be sentenced. The transcript of the plea colloquy sets forth that Speights was informed that the maximum sentence available was life imprisonment. This however, is the maximum sentence for defendants convicted of distribution of 100 grams or more of heroin. Although Speights acknowledged in a written plea agreement that he had distributed such quantities of heroin, the counts of the indictment to which he pled guilty charged him with distribution of less than 100 grams of heroin. Accordingly, because Speights had a prior drug conviction, the maximum sentence to which he could have been subject was a prison term of thirty years. 21 U.S.C. § 841(b)(1)(B)(i). We conclude, however, that this variance from Rule 11's requirements did not affect Speights' substantial rights and may be disregarded. *See* Fed. R. Crim. P. 11(h); *United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991). The court properly told Speights he had the right to plead not guilty and that by pleading guilty he was giving up his right to trial and related constitutional rights. The court ensured that Speights' plea was voluntary and was not the result of force or threats

placed on him by his attorney or anyone else involved in the case. Speights does not assert on appeal that he would not have pled guilty had he been aware of the maximum sentence to which he was subject. Under these circumstances, we conclude that the district court's error was harmless.

This Court reviews for clear error the district court's factual findings for sentencing purposes. *See United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999) (concerning the amount of drugs attributable to a defendant); *United States v. Lipford*, 203 F.3d 259, 272 (4th Cir. 2000) (reviewing enhancement for role in the offense). We find the court properly sentenced Speights to 92 months' imprisonment.

Speights' counsel also raises the issue as to whether the district court had proper jurisdiction. However, we find no jurisdictional defect.

Finally, counsel raises a claim of ineffective assistance of trial counsel. Because the record does not conclusively show that counsel's performance fell below a reasonable standard, we find such a claim is not cognizable on direct appeal. *See United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Speights' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*